UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD A. OSIBAMOWO, | ) | Case No. CV 09-04912-ODW (OP) |
| Petitioner, | ) ) | |
| v. | ) ) ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| TERRI GONZALEZ,[1] Acting Warden, | ) ) ) | [See Proposed Order and Judgment, attached] |
| Respondent. | ) | |

    This Report and Recommendation is submitted to the Honorable Otis D. Wright, II, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

/ / /

/ / /

---

    [1] Petitioner named C. Knolls as the respondent. Petitioner is currently housed in California Men's Colony ("CMC") in San Luis Obispo, California. In the Answer, Respondent indicated that John Marshall is the Warden of CMC. However, it appears that Terri Gonzalez is the Acting Warden currently and is therefore substituted as the Respondent. See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

# I.
# **PROCEEDINGS**

On July 8, 2009, Howard A. Osibamowo ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") , along with an attached memorandum of points and authorities and exhibits. On December 7, 2009, Respondent filed an Answer to the Petition. Petitioner did not file a reply to the Answer. Thus, this matter is ready for decision.

# II.
# **PROCEDURAL HISTORY**

On June 5, 2008, Petitioner pled no contest in the Los Angeles County Superior Court to identify theft (Cal. Penal Code § 530.5(a)), and admitted having served one prior prison term (Cal. Penal Code § 667.5(b)). (Lodgment 3 at 7.) On September 9, 2008, Petitioner was sentenced to a total state prison term of three years. (Lodgment 4 at 2.) Petitioner did not file an appeal in the California Court of Appeal, nor did he file a petition for review in the California Supreme Court. (Pet. at 2, 3.)

On November 24, 2008, Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court. (Lodgment 6.) On January 5, 2009, the superior court denied the petition. (Lodgment 7.) On February 24, 2009, Petitioner filed a response to the court's denial. (Lodgment 8.) The same day, the superior court affirmed its order. (Lodgment 9.)

On April 8, 2009, Petitioner filed a second habeas corpus petition in the Los Angeles County Superior Court. (Lodgment 10.) The same day, the superior court denied the petition. (Lodgment 11.)

On March 4, 2009, Petitioner filed a habeas corpus petition in the California Court of Appeal. (Lodgment 12.) On March 12, 2009, the court of appeal denied the petition with citation to People v. Luna, 130 Cal. App. 3d 550 (1982).

(Lodgment 13.)

On April 21, 2009, Petitioner filed a second habeas corpus petition in the California Court of Appeal. (Lodgment 14.) On April 23, 2009, the court of appeal denied the petition. (Lodgment 15.)

On May 11, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court. (Lodgment 16.) On June 17, 2009, the supreme court denied the petition. (Lodgment 17.)

## III.
## SUMMARY OF THE EVIDENCE

According to the facts taken from the preliminary hearing transcript, on September 15, 2007, Petitioner approached a bank teller at a Washington Mutual Bank located in Los Angeles and requested a cash advance on his credit card. (Lodgment 2 at 3-5, 12.) Petitioner presented the teller with a Massachusetts driver's license and credit card with the name Scott D. Richards. (Id. at 5-6.) Upon checking the authenticity of the driver's license, the teller concluded that the driver's license was not real. (Id. at 6-7.) The teller then notified the bank manager. (Id. at 8.) Thereafter, Petitioner ran out of the bank, leaving behind both the driver's license and credit card. (Id. at 9.)

At the preliminary hearing, Detective Duane Decker testified that the photograph on the driver's license was that of Petitioner. (Id. at 9-10.) Decker also testified that he spoke with a representative of Chase Bank, who confirmed that there was $2,000 worth of fraudulent charges on the credit card. (Id. at 10.) Decker also spoke with Richards who confirmed that his account had been used by someone else and that he did not know Petitioner. (Id. at 10-11.)

## IV.
## PETITIONER'S CLAIM

Petitioner alleges a single claim for habeas relief, i.e., that his rights under the Fourteenth Amendment were violated when the trial court improperly failed to

award him all of his presentence credits. (Pet. at 10, Mem. at 10.) On June 5, 2008, Petitioner entered into a plea bargain, pleading no contest to identity theft in exchange for a sentencing range of sixteen months to three years in state prison. (Lodgment 3 at 6-7.) On September 9, 2008, Petitioner was sentenced to three years in state prison. (Pet. at 2, Ex. H at 1.) After discussing the matter with defense counsel, the court awarded Petitioner 237 days in presentence credit consisting of 159 actual days from April 4, 2008, plus 78 days of conduct credit. (Lodgment 4 at 2; Lodgment 5 at 1.) There was no objection to the court's calculation. (See Lodgment 4 at 2.)

## V.
## **STANDARD OF REVIEW**

The standard of review applicable to Petitioner's claims is set forth in 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, a state court factual determination shall be presumed correct unless rebutted by clear and convincing evidence. Id.    § 2254(e)(1).

Under the AEDPA, the "clearly established Federal law" that controls

federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  To determine what, if any, "clearly established" United States Supreme Court law exists, the court may examine decisions other than those of the United States Supreme Court.  LaJoie v. Thompson, 217 F.3d 663, 669 n.6 (9th Cir. 2000); Van Tran v. Lindsey, 212 F.3d 1143, 1154 (9th Cir. 2000), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  Ninth Circuit cases "may be persuasive."  Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) (as amended).  On the other hand, a state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, if no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court.  Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004); see also Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006) (in the absence of a Supreme Court holding regarding the prejudicial effect of spectators' courtroom conduct, the state court's decision could not have been contrary to or an unreasonable application of clearly established federal law).

Although a particular state court decision may be both "contrary to" and "an unreasonable application of" controlling Supreme Court law, the two phrases have distinct meanings.  Williams, 529 U.S. at 405.  A state court decision is "contrary to" clearly established federal law if the decision either applies a rule that contradicts the governing Supreme Court law, or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts.  Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam); Williams, 529 U.S. at 405-06.  When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)."  Williams, 529 U.S. at 406.  However, the state

court need not cite or even be aware of the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Packer, 537 U.S. at 8.

State court decisions which are not "contrary to" Supreme Court law may only be set aside on federal habeas review "if they are not merely erroneous, but 'an <u>unreasonable</u> application' of clearly established federal law, or based on 'an <u>unreasonable</u> determination of the facts.'"  Id. at 11 (citing 28 U.S.C. § 2254(d)).  Consequently, a state court decision that correctly identified the governing legal rule may be rejected if it unreasonably applied the rule to the facts of a particular case.  See Williams, 529 U.S. at 406-10, 413 (e.g., the rejected decision may state Strickland rule correctly but apply it unreasonably); Woodford v. Visciotti, 537 U.S. 19, 24-25, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam).  However, to obtain federal habeas relief for such an "unreasonable application," a petitioner must show that the state court's application of Supreme Court law was "objectively unreasonable."  Visciotti, 537 U.S. at 27.  An "unreasonable application" is different from an erroneous or incorrect one.  Williams, 529 U.S. at 409-11; see also Visciotti, 537 U.S. at 25.

Where, as here, the California Supreme Court denies a petitioner's claims without comment, the state high court's "silent" denial is considered to be "on the merits" and to rest on the last reasoned decision on these claims, in this case, the grounds articulated by the California Court of Appeal in its March 12, 2009 decision.  See Ylst v. Nunnemaker, 501 U.S. 797, 803-06, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992); see also Kennedy v. Lockyer, 379 F.3d 1041, 1052 (9th Cir. 2004); Gill v. Ayers, 342 F.3d 911, 917 n.5 (9th Cir. 2003).

/ / /
/ / /
/ / /

## VI.

## DISCUSSION

### Habeas Relief Is Not Warranted on Petitioner's Claim That the Trial Court Improperly Failed to Award Him All of His Presentence Credits.

**A.    Background.**

On August 20, 2007, a "Parolee-at-large" report was submitted to the California Board of Prison Terms ("Board") because Petitioner's whereabouts became unknown. (Pet. Ex. B at 1.) On September 7, 2007, the Board suspended Petitioner's parole effective August 3, 2007, the day he absconded from parole supervision. (Id.)

On October 25, 2007, Petitioner was arrested for identity theft (Cal. Penal Code § 530.5(a)). (Pet. Ex. A.) On October 27, 2007, Petitioner was placed on a parole hold because he had absconded parole supervision for two months. (Id. at 5, Exs. A, B.) On November 14, 2007, the Board revoked Petitioner's parole for the following reasons: (1) absconding parole supervision; (2) violation of special conditions of parole, i.e., possession of a credit card; and (3) identity theft. (Id. at 5, Ex. B.) He was also sentenced to a ten month prison term for his parole violations. (Id. at 5-6, Ex. D.)

According to Petitioner, on April 4, 2008, one day before his scheduled release date, he was arraigned on charges stemming from the September 15, 2007, incident that the Washington Mutual Bank that led to the new criminal charges. (Id. at 7, Ex. E.) After pleading no contest to identity theft, he was sentenced to a term of three years in state prison. (Lodgment 4 at 2.) Petitioner received presentence credit from April 4, 2008, through sentencing. (Id.) Petitioner contends that both the prosecutor and his trial counsel told him in plea negotiations conducted prior to April 4, 2008, that he would receive presentence credits from

1 October 25, 2007, through September 9, 2008.[2] (Pet. Ex. F at 2.) He claims that at
2 sentencing, both he and counsel attempted to address the presentence credit issue,
3 but the court cut them off. (Id. at 2-3.) He claims he was entitled to presentence
4 credit for the time served from the date of his arrest on October 25, 2007, through
5 April 4, 2008, because his incarceration during this period was directly related to
6 the charges stemming from the September 15, 2007, incident at the Washington
7 Mutual Bank. (See Pet. at 10, Mem. at 4-5.) He claims, therefore, that the trial
8 court's refusal to award him these presentence credits deprived him of his
9 Fourteenth Amendment liberty interest. (Mem. at 10.)

**B.    California Court of Appeal Opinion.**

Citing People v. Luna, 130 Cal. App. 3d 550 (1982), the California Court of Appeal denied Petitioner's habeas petition. (Lodgment 13.)

**C.    Analysis.**

Federal habeas writs may not issue on the basis of a perceived error of a state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). Sentencing error claims involve solely the interpretation and/or application of state sentencing law and are not cognizable on federal habeas review. See, e.g., Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002), vacated on other grounds by Mayle v. Brown, 538 U.S. 901, 123 S. Ct. 1509, 155 L. Ed. 2d 220 (2003); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir.

---

[2] Petitioner raises no claim for ineffective assistance of counsel or that his plea was not knowing and intelligent. The transcript of the plea shows that presentence credits were not part of the plea bargain and, when the prosecutor explicitly asked if anyone gave Petitioner "terms outside the letter that [he] signed [that] morning and what [the prosecutor] stated in open court," Petitioner answered, "No." (Lodgment 3 at 6-7.)

1993). Nor may a petitioner transform a state law issue into a federal one merely by labeling it as such. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir 1996) (Petitioner "may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process.").

     Under narrow circumstances, however, the misapplication of state sentencing law may violate due process. See Richmond v. Lewis, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992) (federal constitutional question is whether sentencing error so arbitrary or capricious as to constitute an independent due process violation); see also Christian, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Petitioner has failed to make this showing. See Logan v. Hubbard, No. CIV S-07-2704-LKK KJM P., 2008 WL 2074468, at *1 (E.D. Cal. May 12, 2008) (claim that state court did not compute presentence credits correctly under California law does not raise a federal constitutional question).

     In any event, the court of appeal relied on relevant state case law, Luna, when it reasonably rejected Petitioner's claim, and there is no evidence the sentencing was so arbitrary or capricious as to violate due process. In Luna, the defendant was arrested for burglary. Luna, 130 Cal. App. 3d at 551. At the time of his arrest, the defendant had absconded parole for approximately five months. Id. The defendant claimed he was entitled to presentence credit for the time in custody prior to sentencing, while he was on a parole hold. Id. The court disagreed, holding that because the defendant was subject to parole revocation even if he had not committed the burglary, he had no liberty interest being protected while in custody. Id. at 552. Accordingly, he was not entitled to presentence credit. Id.; see also People v. Bruner, 9 Cal. 4th 1178, 1182, 1194-95 (1995) (no presentence credit for the time held in custody for probation violations as the misconduct was only one of four bases of probation revocation and was not a "but for" cause of the

1 custody).

2    Like the defendant in <u>Luna</u>, at the time of Petitioner's arrest on October 25,
3 2007, he had been absconding parole for approximately two months. (<u>See</u> Pet. Ex.
4 B.) On September 7, 2007, the Board suspended his parole based on his absconder
5 status. (<u>Id.</u>) On November 14, 2007, the Board revoked his parole for absconding
6 parole supervision, violation of special conditions of parole, i.e., possession of a
7 credit card, and identity theft, and sentenced him to a ten month prison term for the
8 violations. (<u>Id.</u> at 5-6, Exs. B, D.) As a result, two of the three parole violations
9 were unrelated to the identity theft, and the identity theft was not a "but for" cause
10 of his incarceration from October 25, 2007, through April 3, 2008. As such,
11 Petitioner was not subject to credit for that time against his current sentence, as he
12 was subject to parole revocation even if he had not committed the September 15,
13 2007, identity theft crime. Therefore, he had no liberty interest being protected
14 while in custody, and was not entitled to presentence credit. <u>See</u> <u>Luna</u>, 130 Cal.
15 App. 3d at 552.

   Based on the foregoing, the Court finds that the California court's rejection of Petitioner's claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

## VII.
## RECOMMENDATION

   IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: August 2, 2010

HONORABLE OSWALD PARADA
United States Magistrate Judge

10

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD A. OSIBAMOWO, ) | Case No. CV 09-4912-ODW (OP) |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ) | |
| v. ) | |
| ) | |
| TERRI GONZALEZ, Acting Warden, ) | |
| ) | PROPOSED |
| Respondent. ) | |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge, de novo. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge,

/ / /
/ / /
/ / /

IT IS ORDERED that Judgment be entered: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: _____

HONORABLE OTIS D. WRIGHT, II
United States District Judge

Prepared by:

/s/ _____
HONORABLE OSWALD PARADA
United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD A. OSIBAMOWO,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>TERRI GONZALEZ, Acting Warden,<br><br>　　　　Respondent. | Case No. CV 09-4912-ODW  (OP)<br><br>J U D G M E N T<br><br>PROPOSED |

　　　Pursuant to the Order Adopting Findings, Conclusions, and Recommendations of the United States Magistrate Judge,

　　　IT IS ADJUDGED that the Petition is denied and this action is dismissed with prejudice.

DATED: _____

　　　　　　　　　　　　　　　HONORABLE OTIS D. WRIGHT, II.
　　　　　　　　　　　　　　　United States District Judge

Prepared by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge